IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Scott F. Bowen, | ) | C/A No.: 6:04-1313-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Scott F. Bowen, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed an application for DIB on May 12, 2001, alleging a disability onset date of September 12, 2000, due to two herniated discs, a slipped disc, compressed sciatic nerve, left knee pain, and depression. His application was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge (ALJ) which was held June 7, 2002. The ALJ issued a decision on November 18, 2002, denying the plaintiff's claim. On March 5, 2003, the Appeals Council granted the plaintiff's request for review, vacated the decision, and remanded the case to the ALJ for further consideration of the plaintiff's residual functional capacity and the opinion of the plaintiff's treating physician, and to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the plaintiff's occupational base. A supplemental hearing was held on May 22, 2003, at which the plaintiff and a vocational expert testified. The ALJ issued a decision on January 6, 2004, denying the plaintiff's claim. On March 16, 2004, the Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003).

The ALJ made the following findings in this case:

1.   The claimant meets the nondisability requirements for a period of disability and Disability

   Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not fully credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. The claimant has the residual functional capacity to perform a significant range of unskilled light work as described above.

8. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

9. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. §§ 404.1563).

10. The claimant has a "high school education" (20 C.F.R. § 404.1564).

11. Transferability of skills is not an issue in this case (20 CFR § 404.1568).

12. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

13. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, and based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a gate guard, a sorter, and an office worker.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. 404.1520(f)).

**Facts**

The plaintiff was born on August 7, 1962; he was 38 years old at the alleged onset date of disability and 41 years old on the date of the Commissioner's "final decision." He is a high school graduate who worked for 20 years as a meat cutter, a job which required almost constant walking and standing and lifting as much as 150 pounds.

**Appeal from the Commissioner's Decision**

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge William M. Catoe. On May 20, 2005, Magistrate Judge Catoe filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. The plaintiff filed objections on June 6, 2005.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his objections to the Report, the plaintiff claims that the Magistrate Judge erred as a matter of law. The plaintiff makes the following specific objections to the Report:

4

1. "The Magistrate has overly focused on the details of the listing, without properly considering whether the claimant's overall condition was as severe as a listing." (Objections p. 1.)

2. The Magistrate Judge improperly discounts the opinion of treating physician Dr. David Albenberg. (Objections p. 1.)

3. "The claimant's daily activities were not sufficient to find him not credible." (Objections p. 2.)

4. "[T]he claimant is faulted for not obtaining surgery or additional treatment, although he has an income of $2,000 per month." (Objections p. 2.)

**Objection 1: Ability to Meet or Equal a Listing**

With regard to plaintiff's ability to meet or equal a listing he states: "It is correct that Mr. Bowen did not *meet* the exact criteria of a listing. However, the argument was made that his condition *equaled* a listing." (Objections p. 2.) The plaintiff alleges that the Magistrate Judge "overly focused on the details of the listing, without properly considering whether the claimant's overall condition was as severe as a listing." (Objections p. 1.)

A disability under the Listing is a presumptive disability upon medical evidence which establishes the existence of impairments which are considered severe enough to prevent a person from performing any gainful activity. *See* 20 C.F.R. § 404.1525. To establish that an impairment "matches a listing, it must meet **all** of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (199) (emphasis in original). It is the plaintiff's burden to demonstrate that his impairments were presumptively disabling pursuant to the Listings. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

Here, the plaintiff argues that, while he does not meet a listing, he equals a listing. Specifically, the plaintiff argues that his "condition equals the severity of impairment listing 1.04A,

5

for Disorders of the Spine."[1] (Brief p. 13.) To determine the medical equivalence of a listing:

> We will decide that your impairment(s) is medically equivalent to a listed impairment in Appendix 1 if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the medical criteria shown with the listed impairment. If your impairment is not listed, we will consider the listed impairment most like your impairment to decide whether your impairment is medically equal. If you have more than one impairment, and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.

20 C.F.R. § 404.1526(a). "In evaluating an impairment, an ALJ must fully analyze whether plaintiff's impairment meets or equals a 'listing' where there is factual support that a particular listing could be met. The ALJ's analysis must reflect a comparison of the symptoms, signs and laboratory findings concerning the impairment, including any resulting functional limitations, with the corresponding criteria set forth in the relevant listing." *Perkins v. Apfel*, 101 F. Supp. 2d 365, 373-374 (D. Md. 2000).

In finding that the plaintiff did not meet or equal a listed impairment the ALJ stated in his January 6, 2004 Order:

> At the third step in the sequential evaluation, I reviewed all of the evidence and find that the claimant's impairments do not, singly or in combination, meet o[r] equal the level of severity described for any impairment listed in Appendix 1, Subpart P, Regulations No. 4. The undersigned has specifically considered Listing 1.00 et. seq. and 12.00 et. seq. In reaching this conclusion, I also considered the opinions of the

---

[1] The listing provides:
> 1.04A Disorders of the Spine (e.g., herniated nucleus Pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

>   Disability Determination Service's (DDS) medical consultants, who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion. 20 CFR § 404.1527(f), § 416.927(f), and Social Security Ruling 96-6p.

(Tr. p. 15.)  Additionally, he states:

>   I have carefully considered all of the documents identified in the record as exhibits, both in connection with the Order of Remand and in connection with the prior hearing, the testimony of the previous and supplemental hearings, and all of the arguments presented. Upon review of said evidence, testimony, and arguments, I find that the evidence summaries contained in the vacated decision to be in all respect full and fair statements of the underlying records. Consequently, it is unnecessary to include a repetition of those summaries herein. All of the testimony and exhibits relating to the prior hearing are adopted by reference, but not the conclusions and findings of the previous decision.

(Tr. p. 14.)  The ALJ's November 18, 2002, Order contains an extensive review and summary of the medical evidence and opinion. *See* T.R. pp. 59-62.

Impairment listing 1.04A requires, among other things, findings of sensory and reflex loss. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A (2004). The plaintiff cites to multiple examples of the enumerated symptoms of the listing in the record evidence, including sensory loss in his left leg:

- Sensation to fine touch and pain intact, bilaterally symmetrical. Sensation to pain diminished in the lateral aspect of the left upper thigh. (T.R. 214.)
- He continued to have paresthesias going down the left leg although the MRI scan shows the H&P to the right. (T.R. 210.)

These entries are from medical records created on September 18, 2000, and December 22, 2000, respectively. The second example above is actually the plaintiff's own complaint. The physical examination notes from that date report that "[s]ensation to fine touch and pain intact distally" and does not report any sensory loss. "[P]hysical findings must be determined on the basis of objective observations during the examination and not simply a report of the individual's allegation." 20 C.F.R.

7

Part 404, Subpt. P, App. 1, § 1.00(D).  Additionally, "[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation."  *Id*.

The Commissioner notes in her brief that neither of the specialists who examined the plaintiff, Drs. Lenczewski and Davidson, noted any sensory or reflex loss.  Plaintiff's own doctor, Dr. Albenberg, also noted no findings of sensory loss.  In fact, he attributed plaintiff's decreased left patellar tendon reflex to plaintiff's past knee surgery.  Additionally, medical consultant Dr. Chase concluded that plaintiff did not satisfy the criteria of a listed impairment based on his residual functional capacity assessment.  The signature of a State agency medical or psychological consultant on a Disability Determination and Transmittal Form or Cessation or Continuance of Disability or Blindness Form ensures that a physician designated by the Commissioner has been given the question of medical equivalence at the initial and reconsideration levels of administrative review.  *See* SSR 96-6p.  In considering whether a claimant meets or equals the requirements of a listed impairment, an ALJ is entitled to rely on the opinions of reviewing physicians.  *Ostronski v. Chater*, 94 F.3d 413, 417 (8th Cir. 1996).

The only evidence presented by the plaintiff of sensory loss is one note from his medical records entered five days after his back injury.  Beyond one complaint three months later, there is no other medical evidence that he actually continued to suffer from sensory loss over a period of time. This Court finds that the ALJ's decision that plaintiff's impairments did not meet the severity of a listed impairment is supported by substantial evidence.

**Objection 2: Opinion of Treating Physician Dr. David Albenberg**

The plaintiff contends the Magistrate Judge improperly discounts the opinion of treating physician Dr. David Albenberg. Prior Fourth Circuit precedent established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman*, 829 F.2d at 517; *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986).

On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished) ("As regulations supercede contrary precedent, the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted). Under section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ deterermines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

The record indicates that the plaintiff first visited Dr. Albenberg in August of 2001, after he moved to Charleston from Massachusetts. The purpose of plaintiff's visit to Dr. Albenberg was to have paperwork completed. At the time plaintiff moved to charleston, he represented that he had been "on disability" for a year and had moved to Charleston to be with his sister and to "pursue a different line of work which he might better tolerate." (Tr. 256.) At that time Dr. Albenberg assessed the plaintiff as having a herniated disc for which he was to be monitored for disability purposes. Additionally, he recommended surgery "[i]f the patient has not found a suitable line of work." (Tr. 256.) After the initial visit, the plaintiff visited Dr. Albenberg solely for the purpose of completing disability insurance forms six months later, then seven months later, and then nine months later. Although Dr. Albenberg completes the plaintiff's paperwork, he offers no objective evidence to support the contention that plaintiff is "completely disabled."

This Court agrees that Dr. Albenberg's opinion is not entitled to controlling weight. As mentioned above, in reviewing Dr. Albenberg's opinion the ALJ was to consider (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of

the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5). The primary purpose of plaintiff's visits to Dr. Albenberg was to have his disability insurance paperwork completed. Additionally, there is no evidence that Dr. Albenberg was a specialist in spinal disorders. In fact, in notes from two of the visits Dr. Albenberg expresses discomfort treating the plaintiff and indicates that he will refer him to another physician for evaluation for surgery. These factors support the ALJ's consideration of Dr. Albenberg's opinion, and this Court finds that the decision of the ALJ is supported by substantial evidence.

**Objection 3: The Claimant's Credibility**

The plaintiff argues that the Magistrate Judge erred in recommending that the claimant's daily activities were sufficient to find him not credible. The plaintiff suggests that the ALJ placed too much weight on his minimal daily activities in addressing his credibility. To the extent that a claimant's symptoms are consistent with objective medical evidence and other evidence, they are to be considered. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). "[A] formalistic factor-by-factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth the specific evidence [he] relies on in evaluating the claimant's credibility." *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001).

A review of the ALJ's decision shows that he discussed plaintiff's testimony concerning his impairments and their impact on him ability to work, and found that it was not entirely credible. The ALJ satisfied the two-step analysis of *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The ALJ was first required to determine whether there is objective medical evidence establishing "the existence

of a medical impairment(s) which results from anatomical, psychological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged.*" *Id.*, *citing* 20 C.F.R. § 416.929(b) & 404.1529(b).  The ALJ stated:

> While the claimant complained of severe pain at his hearing, he also testified that he was able to lift up to 20 pounds, walk short distances for exercise, and watch his nephews and children.  Such activities are inconsistent with the claimant['s] allegations of severe functional limitations.  Additionally, while the claimant complained of severe pain, he has not sought out or received frequent and significant medical treatment or hospitalization.  The evidence also shows that medication and epidural injections helped relieve his pain.  The undersigned notes that the claimant reported the he took only Advil for his pain.

(Tr. 17.)  Since the ALJ found that this initial threshold based on objective medical findings was not met, he was not required to go to the second step of the analysis.  *Craig*, 76 F.3d at 594.  However, the ALJ went on to the second step, even though not required to do so, and stated that he did not find the plaintiff to be entirely credible.

There is substantial evidence to support the ALJ's decision as to plaintiff's allegations of pain and the determination of his credibility.

**Objection 4:  Alleged Inability to Afford Treatment**

The plaintiff argues that he is improperly faulted for not obtaining surgery or additional treatment because he only has an income of $2,500 a month.  Clearly, if a plaintiff is unable to follow a prescribed regimen of medication and therapy to combat his disabilities because of financial hardship, that hardship may be taken into consideration when determining whether to award benefits.  *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984).  While these hardships can be considered in determining whether to award benefits, the fact that a plaintiff is under a financial strain is not

determinative. *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987). The record establishes that the plaintiff cited lack of insurance and low monthly income as factors preventing him from having surgery. However, the record does not establish that the plaintiff pursued low-cost medical care or that he sought emergency room treatment for severe pain and was turned away because of his financial condition. Presented with this evidence, the ALJ could determine that the plaintiff's financial hardship was not severe enough to justify his failure to seek medical treatment. *See Murphy v. Sullivan*, 953 F.2d 383-386-87 (8th Cir. 1992).

### Conclusion

On the record before it, this Court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not entitled to benefits.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the Magistrate Judge is incorporated herein, and the decision of the Commissioner denying benefits is hereby affirmed.

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 26, 2005
Florence, South Carolina